IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL WHITE,

    Petitioner,
v.                                                                    CASE NO. 1:20-cv-242-AW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on September 21, 2020, by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). ECF No. 1. The Petition stems from Petitioner's 1998 Alachua County convictions of two counts of sexual battery on a child less than twelve years of age and one count of lewd and lascivious assault upon a child under the age of 16, for which he is serving a life sentence. *Id.* Respondent has filed a motion to dismiss the Petition as untimely and procedurally barred, pursuant to the one-year limitations period applicable to federal habeas petitions, *see* 28 U.S.C. § 2244(d)(1)(A). ECF No. 11. Petitioner concedes that the Petition is untimely, but he contends that he is entitled to consideration of the merits of the Petition under the "actual innocence"

gateway. ECF Nos. 1 (Petition), 14 (Reply); *see McQuiggan v. Perkins,* 569 U.S. 383 (2013). Upon due consideration of the Petition, the motion to dismiss, the state-court record, and Petitioner's response, the undersigned recommends that the Petition be dismissed as time-barred.

## I. <u>One-Year Limitation Period</u>

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction relief. § 2244(d)(2). To toll the one-year limitations period under section 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Further, the limitations period may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## II. State-Court Proceedings

The procedural background of this case is established by the state court record, ECF No. 12-1. An amended information was filed in Alachua County Circuit Court on December 15, 1997, charging Petitioner with two counts of sexual battery upon a child less than twelve years of age (Counts I and II) and one count of lewd and lascivious assault upon a child under sixteen years of age (Count III). ECF No. 12-1 at 41-42. The offenses were alleged to have occurred from September 1, 1991, through September 3, 1991 (Count I) and April 16, 1993, through December 31, 1995 (Count II). Petitioner was found guilty following a jury trial. On February 20, 1998, he was sentenced to life in prison on Counts I and II (to run concurrently) and 8 years on Count III (to run concurrently with the sentence imposed on Counts I and II (but consecutively to sentences previously imposed in two unrelated cases). ECF No. 12-1 at 44. The First DCA affirmed *per curiam* without written opinion on February 23, 1999. *White v. State*, 730 So. 2d 679 (Fla. 1st DCA 1999).

Petitioner did not seek further relief from his conviction until February 22, 2001, when he filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. Following an evidentiary hearing, the trial court denied

the motion on October 24, 2005.  ECF No. 12-1 at 437-49.  The First DCA affirmed *per curiam* without written opinion.  *White v. State,* 915 So. 2d 1201 (Fla. 1st DCA 2005).

On June 27, 2007, Petitioner filed a Rule 3.850 motion alleging "newly discovered evidence" and "actual innocence".  ECF No. 12-1 at 379-413.  The trial court denied the motion as untimely and procedurally barred as successive on December 3, 2007.  *Id.* at 417-19.  The First DCA affirmed *per curiam* without written opinion on August 28, 2008.  *White v. State*, 989 So. 2d 643 (Fla. 1st DCA 2008).

Petitioner filed a "motion for tangible evidence" in the trial court on March 21, 2011, seeking copies of "the sworn oath taken by Assistant State Attorney Denise Ferrero," who prosecuted Petitioner.  *Id.* at 172.  The court denied the motion because such documents were not part of the court file.  *Id.* at 174.  Petitioner dismissed his appeal from the denial.  *Id.* at 180.

On December 8, 2016, Petitioner filed a *pro se* motion for relief from judgment, which the court construed as a rule 3.850 motion and denied as untimely and procedurally barred on December 15, 2016.  *Id.* at 225-26.  The First DCA affirmed *per curiam* without written opinion.  *White v. State*, 226 So. 3d 823 (Fla. 1st DCA 2017).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in Hamilton County Circuit Court on September 18, 2017, arguing that the state had failed to establish at trial the dates on which the offenses occurred and that the victim (who was 11 years old at the time of trial) was vague about the dates in her testimony. *Id.* at 24-36. The Hamilton County court denied the petition because sufficiency of the evidence was a matter for direct appeal and not habeas corpus. *Id.* at 66-67. The First DCA affirmed *per curiam* without written opinion. *White v. State*, 259 So. 3d 321 (Fla. 1st DCA 2018).

On March 15, 2019, Petitioner filed an additional Rule 3.850 motion, which was summarily denied as untimely and procedurally barred on March 19, 2019. ECF No. 12-1 at 285-347. The First DCA affirmed *per curiam* without written opinion. *White v. State*, 282 So. 3d 58 (Fla. 1st DCA 2019).

Petitioner filed the instant federal habeas corpus petition on September 21, 2020. ECF No. 1. Petitioner contends that he is entitled to relief from the one-year federal limitations period on the basis of "actual innocence". As his first ground for relief, he alleges that he was in jail on the "two dates [the victim] claimed she was molested by Petitioner" and that the victim lied at trial. For his second ground, Petitioner contends that ASA

Ferrero engaged in prosecutorial misconduct and "fraud on the court" by amending the dates alleged in the original information when she learned of Petitioner's alibi.  For his third ground, Petitioner alleges that his trial counsel rendered ineffective assistance by failing to object to the amended information.  ECF No. 1.

### III. Discussion

Respondent correctly notes that Petitioner's conviction became final, and the one-year limitations period began to run, on May 24, 1999, ninety days after the First DCA affirmed his conviction and sentence.  *See Chavers v. Sec., Fla. Dept. of Corrs.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment becomes "final" after expiration of 90-day period in which petition for writ of certiorari could have been filed.). Thus, barring any tolling events, Petitioner had until May 24, 2000, to file a federal habeas petition. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (explaining that § 2244(d)(1)'s "limitations period should be calculated according to the 'anniversary method' under which the limitations period expires on the anniversary date it began to run").  Petitioner did not seek any state postconviction relief until February 22, 2001.  ECF No. 12-1 at 437-49.  Therefore, none of Petitioner's postconviction proceedings tolled the

federal limitations period because it had already expired. *See Sibley v. Culliver,* 377 F.3d 1196, 1204 (11th Cir. 2004) (where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll").

Petitioner conclusionally asserts that he is "actually innocent" and therefore entitled to review of the merits of his petition. ECF No. 1 at 4. Under the AEDPA, a "credible showing of actual innocence" provides a "gateway" through which a petitioner may pursue his claims on the merits notwithstanding his failure to file his habeas petition within the statute's otherwise applicable limitations period. *McQuiggin,* 566 U.S. at 386. To pass through this gateway, however, a petitioner must satisfy the standard for actual innocence articulated by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995). Under *Schlup*, a petitioner must show that, in light of newly presented evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," *id.* at 327, or, to remove the double negative, "that more likely than not any reasonable juror would have reasonable doubt," *House v. Bell*, 547 U.S. 518, 538 (2006). *Schlup* makes clear that, "[t]o be credible, such a claim

requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. This new evidence must do more than counterbalance the evidence that sustained the petitioner's conviction. *See Sibley*, 377 F.3d at 1207 (concluding that even if new evidence showed that the murder victim was the aggressor, "a reasonable juror could still quite possibly have concluded that [petitioner] acted with murderous intent, rather than out of self-defense"). The new evidence must be so significant and reliable that, considered with the trial record as a whole, it "undermine[s] confidence in the result of the trial." *Schlup*, 513 U.S. at 327 (internal quotation marks omitted).

     Here, Petitioner points to no new evidence in support of his "actual innocence" claim that was unavailable at the time of his conviction. Petitioner was plainly aware of the dates of the offenses as alleged in the amended information. His assertion that ASA Ferrero amended the information in order to deprive him of an alibi is wholly speculative, self-serving, and unsupported by anything in the record.

In sum, on this record Petitioner has failed to show that he is entitled to the "actual innocence" gateway to consideration of the merits of his petition. The Petition therefore is due to be dismissed.

### IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party,

that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### V.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED:**

1.  Respondent's motion to dismiss the petition for a writ of habeas corpus as time-barred (ECF No. 11) should be **GRANTED** and the Petition **DISMISSED** pursuant to 28 U.S.C. § 2244(d); and

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 14th day of May 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.