# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

PAUL WHITE,

    Petitioner,

v.                                                      Case No. 1:20-cv-242-AW-GRJ

SECRETARY, FLA. DEP'T OF
CORRECTIONS,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Paul White is serving a life sentence for sexual battery on a child. At issue is his § 2254 petition. The State moved to dismiss the petition, contending it is untimely. ECF No. 11. The magistrate judge has issued a report and recommendation, concluding the petition should be dismissed. ECF No. 15. Having fully considered the matter—and having considered de novo the issues raised in White's objections (ECF No. 16)—I now dismiss the petition.

As White acknowledges, his petition comes long after the AEDPA one-year limitations period ran. His claim is that he can proceed through the actual-innocence gateway. But like the magistrate judge, I conclude White has not shown that he can meet this exception. *Cf. McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (cautioning "that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new

1

evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The report and recommendation (ECF No. 15) is adopted and incorporated into this order. The motion to dismiss (ECF No. 11) is GRANTED. The clerk will enter a judgment that says, "The § 2254 petition is dismissed as untimely." The clerk will then close the file.

A certificate of appealability is DENIED.

SO ORDERED on June 19, 2021.

s/ *Allen Winsor*
United States District Judge
